1   **FERNALD & ZAFFOS APC**
2   BRANDON C. FERNALD (SBN: 222429)
    15910 Ventura Blvd., Suite 1720
3   Encino, CA 91436
4   Telephone:(323) 410-0300
    Facsimile: (323) 410-0330
5   Email: brandon@fzlaw.com

6
    Attorneys for Defendant,
7   LUV N' CARE, LTD.

8                   **IN THE UNITED STATES DISTRICT COURT**
9
10                  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11  BROOKE RICHARDS, individually        CASE NO.
    and on behalf of all others similarly
12  situated,                            **NOTICE OF REMOVAL FILED BY**
                                         **DEFENDANT LUV N' CARE, LTD.**
13            Plaintiffs,
                                         [28 U.S.C. §§ 1441, 1446, and 1453]
14
        v.
15
16  LUV N' CARE, LTD. and DOES 1
    through 10, inclusive,
17
18            Defendants.
19
20
21
22
23
24
25
26
27
28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1367, Defendant LUV N' CARE, LTD. ("LNC") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the County of Los Angeles, California, to the United States District Court for the Central District of California. The grounds for removal are as follows:

**OVERVIEW**

1.     The Complaint seeks to assert claims for false and misleading advertising in violation of Cal. *Business and Professions Code* § 17200 et seq., false and misleading advertising in violation of Cal. *Business and Professions Code* § 17500 et seq., violation of Cal. *Civil Code* § 1750 et seq. (Consumers Legal Remedies Act), and unjust enrichment against LNC based on an allegation that LNC sold sippy cup products under the NUBY brand name containing organic fluorine.  Plaintiff further alleges that the presence of organic fluorine implicates health and safety concerns that constitute false and misleading marketing, advertising and promotion. (Compl. ¶ 1.) LNC denies that its products contain organic fluorine or any other harmful substance or that any of its actions constitutes false and misleading marketing, advertising or promotion.

2.     As explained in detail herein, federal jurisdiction exists in this case under the Class Action Fairness Act ("CAFA"), because the requirements of 28 U.S.C. §§ 1332(d) and 1453 are satisfied and no exception to CAFA's rules for removal to federal court applies.  Pursuant to 28 U.S.C. § 1453(b), this action may be removed by one defendant irrespective of the consent or joinder of any other defendant.

3.     This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in

DOCUMENT PREPARED
ON RECYCLED PAPER

1 controversy exceeds the sum of $75,000.00, exclusive of interests and costs.
2 Pursuant to 28 U.S.C. §1441(b), the citizenship of defendants sued under fictitious
3 names shall be disregarded.  Therefore, the citizenship of purported Defendants
4 "DOES 1 – 10" is irrelevant.  Likewise, this matter may be removed without the
5 consent or joinder of "DOES 1 – 10" because these fictitious parties are not named,
6 have not been served, and their identities are unknown to the named plaintiff.

7 **PROCEDURAL HISTORY**

8     4.    On January 5, 2024, Plaintiff Brooke Richards filed a complaint in the
9 Superior Court of the State of California, County of Los Angeles, against LNC, Case
10 No. 24STCV00273. Attached hereto as **Exhibit A** is a true and correct copy of the
11 Complaint.

12     5.    The Superior Court of the County of Los Angeles is located within the
13 Central District of California. 28 U.S.C. § 84(c). Therefore, removal of Plaintiff's
14 case to this Court is proper under 28 U.S.C. § 1441(a).

15 **PROCEDURAL HISTORY**

16     6.    28 U.S.C. § 1446(b)(1) requires that a notice of removal "be filed within
17 30 days after the receipt by the defendant, through service or otherwise, of a copy of
18 the initial pleading setting forth the claim for relief upon which such action or
19 proceeding is based[.]"

20     7.    The Complaint was served on LNC on January 11, 2024.

21     8.    A true and accurate copy of the summons directed to LNC is attached
22 hereto as **Exhibit B**.

23     9.    True and accurate copies of the proof of service concerning LNC is
24 attached hereto as **Exhibit C**.

25     10.    This Notice of Removal, filed on February 2, 2023, is therefore timely.
26 ///
27 ///
28

## THE COMPLAINT'S ALLEGATIONS

11.    The Complaint alleges Plaintiff purchased a NUBY branded sippy cup product that allegedly contains chemicals known as Perfluoroalkyl and Polyfluoroalkyl (PFAS). (Compl. ¶¶ 7-10.) Plaintiff further alleges that the purchased sippy cup product contained organic fluorine at 18 ppm, that the presence of organic fluorine implicates health and safety concerns, and that the product packaging does not disclose the presence of organic fluorine. (Compl. *¶¶ 20-22.*) Plaintiff further alleges that the failure to disclose constitutes false and misleading marketing, advertising or promotion.  LNC denies that its sippy cup products contain PFAS or that it engaged in any false and misleading marketing, advertising or promotion.

12.    Based on these allegations, the Complaint pleads claims on behalf of Plaintiff "individually and on behalf of herself and others similarly situated."  The Complaint asserts claims for false and misleading advertising in violation of *Business and Professions Code* § 17200 et seq., false and misleading advertising in violation of Cal. *Business and Professions Code* § 17500 et seq., violation of Cal. *Civil Code* § 1750 et seq. (Consumers Legal Remedies Act), and unjust enrichment.

13.    The Complaint seeks an injunction, restitution, punitive damages, attorney fees, recoverable costs, and other damages and remedies. (Compl. Prayer for Relief.)

## BASES FOR REMOVAL UNDER CAFA

14.    CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Each of these requirements is met here.

1

**A. Class Claims Satisfying the Numerosity Requirement**

2      15.     The Complaint is styled as "a class action" and seeks relief for Plaintiff
3   as well as for "others similarly situated." (Compl. Preamble.).  The named plaintiff
4   seeks to represent: "All persons who purchased the Product in the State of California
5   during the time period of four (4) years preceding the date of the filing of this class
6   action through the present."  (Compl. ¶ 44.)  While LNC does not publicly disclose
7   its sippy cup sales, based on its records of sippy cup sales to retailers located in
8   California, there are more than 100 proposed class members.

9      16.     All of Plaintiff's claims constitute "class action" claims for purposes of
10   CAFA: "a private party may pursue a representative action under the unfair
11   competition law only if the party 'complies with Section 382 of the Code of Civil
12   Procedure,' [which] mean[s] that such an action must meet the requirements for a
13   class action." *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009) (quoting *Fireside
14   Bank v. Superior Court*, 40 Cal. 4th 1069, 1092, n. 9 (2007)); *see also* S. Rep. No.
15   109-14, at 29 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 30 (CAFA "defines the term
16   'class action' *to include representative actions* filed in federal district court under
17   Rule 23 of the Federal Rules of Civil Procedure, *as well as actions filed under similar
18   rules in state courts* that have been removed to federal court."  (Emphasis added).

19      17.     As set forth in detail below, (*infra* ¶ 23), even based on a conservative
20   estimate, the number of claimants that fit within the alleged class definition exceeds
21   100 class members. Accordingly, CAFA's numerosity requirement is satisfied here.

22      **B. Diversity of Citizenship**

23      18.     The named Plaintiff is an individual who is domiciled and residing in
24   the State of California.  (Compl. ¶ 39).  Plaintiff also seeks to represent all similarly
25   situated individuals, who purchased the Product in the State of California. (Compl.
26   Preamble & ¶ 44.)

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 4 -

19.     LNC is a Louisiana corporation with its principal place of business in Monroe, Louisiana. Thus, LNC is a citizen of Louisiana.

20.     Accordingly, the "minimal diversity" requirement under CAFA—i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal. 28 U.S.C. § 1332(d)(2)(A).

21.     This action does not fall within any of the exclusions in 28 U.S.C. §§ 1332(d) and 1446 because LNC is not a citizen of the forum state of California.

**C. The Matter in Controversy Exceeds $5,000,000**

22.     The Complaint seeks damages on behalf of a class of "others similarly situated." (Compl. Preamble.) The Complaint asserts claims for breach of false and misleading advertising in violation of Cal. *Business and Professions Code* § 17500 et seq., violation of Cal. *Civil Code* § 1750 et seq. (Consumers Legal Remedies Act), and unjust enrichment.  The Complaint does not limit the purported class to residents of the state of California. However, in California, where the named Plaintiff resides, the applicable statutes of limitation have not run.

23.     For the purpose of the amount in controversy, LNC is entitled to assume that the amount at issue is the amount of LNC's sippy cup sales in California and Nationwide. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). LNC does not publicly disclose its sippy cup sales in any given year. However, based on Plaintiff's claim for restitution of the amount paid for the sippy cups, which is the retail price and not LNC's selling price, there is more than $5,000,000 in controversy during the alleged class period (of at least four years) resulting from LNC's sippy cup sales, whether the class limited to California or is Nationwide. LNC is confident that the amount that the Complaint places in controversy is well over $5,000,000 for the alleged four-year time period preceding the filing of the Complaint.

DOCUMENT PREPARED
ON RECYCLED PAPER

1    24.    The Complaint seeks other damages as well, including an injunction,

2    punitive damages, and attorney fees.

3    25.    Accordingly, the amount in controversy for removal under CAFA is

4    satisfied.

5    **D. No Exception to CAFA Removal Applies**

6    26.    No exception to removal under CAFA applies.

7    27.    For all the foregoing reasons, this Court has original jurisdiction under

8    28 U.S.C. §§ 1332(d), 1441, and 1453.

9    28.    Counsel for LNC certifies, pursuant to 28 U.S.C. § 1446(d), that LNC

10   will promptly give notice of filing of this Notice of Removal to Plaintiff through

11   Plaintiff's counsel of record and will promptly file with the Clerk of the Superior

12   Court of the State of California, County of Los Angles, a copy of this Notice of

13   Removal.

14   WHEREFORE, providing notice as required by law, the above-entitled action

15   should be removed from the Superior Court of the County of Los Angeles to this

16   Court.

17

18   DATED:  February 2, 2024          **FERNALD & ZAFFOS APC**

19

20

21

22   By: _____

23        Brandon C. Fernald

24   Attorneys for Defendant,

25   LUV N' CARE, LTD.

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT A

Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
**STEVENS, LC**
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1211
Fax: (213) 270-1223

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/04/2024 1:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BROOKE RICHARDS, individually and on behalf of all others similarly situated,

        Plaintiffs,

        vs.

LUV N' CARE, LTD. and DOES 1 through 10, inclusive,

        Defendants.

24STCV00273

CLASS ACTION COMPLAINT

1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act)
4. UNJUST ENRICHMENT

DEMAND FOR JURY TRIAL

1

Plaintiff Brooke Richards (hereinafter "Plaintiff"), individually and on behalf of herself and others similarly situated (hereinafter "the Class" or "Class Members"), alleges the following:

## I. NATURE OF THE ACTION AND STATEMENT OF FACTS

1.      This is an important consumer protection class action arising out of the existence of organic fluorine in Juvenile products, as that term is defined by Cal Health & Safety Code § 108945 (c)(1), produced and sold under the brand name "Nuby" that implicate multiple health and safety concerns that reasonable consumers would find material, and further false and misleading marketing, advertising, and promotion of the company and brand, which by implication is a representation that their company is caring and conscientious of the health of babies and children.

2.      Currently, there is significant public health concern about the materials and chemicals used in infants' and children's products. In particular, sippy cups, a popular option for children who are transitioning from a bottle to an open cup, may expose children to harmful chemicals.[1]

3.      Thus, there is a continuous incentive for a company such as Defendant to market its brand, and thus products and ingredients as conscientious, safe, and thoroughly tried and tested by experts for harmful chemicals, hereinafter referred to collectively as the "misrepresentations".

4.      Defendant is a manufacturer, distributor, and marketer of a variety of baby and toddler products. The Products at issue are the Nuby "Sippy Cup" product line (the "Products").

5.      Defendant offers the Products for sale through various channels, including directly on Defendant's website and through third-party retail outlets and internet websites such as Target, Walmart, and Amazon.

6.      Through an extensive, widespread, comprehensive, and uniform nationwide marketing campaign, including creating marketing materials pertaining to the Product for third-party sellers, Defendant promoted itself as a conscientious company that does not use suspected harmful chemicals in its manufacturing process and charges a premium for such claimed standards.

---

[1] https://www.webmd.com/parenting/what-to-know-about-sippy-cups; https://www.cbsnews.com/pittsburgh/news/pennsylvania-department-of-health-warning-childrens-cups-recalled-lead-levels/#:~:text=The%20recall%20impacts%20the%208,and%20Sip%20and%20Straw%20Cups.

7.      Through Defendant's marketing and advertising campaign, Defendant was able to sell the Product to thousands of consumers throughout California and the rest of the United States. The Product is sold individually for prices averaging $4.00.

8.      The Products at issue contain, among other things, PFAS as measured in total organic fluorine.

9.      According to the CDC, PFAS are a group of over 9,000 synthetic chemicals that have been used in industry and consumer products, worldwide, for over 70 years.[2]

10.     Perfluoroalkyl and polyfluoroalkyl substances, a class of chemicals known as "PFAS," are highly toxic and highly persistent in the environment. Cal Health & Safety Code § 108981(a).

11.     PFAS are referred to as "forever chemicals" because they are extremely resistant to degradation in the natural environment, including the water, the soil, the air, and our bodies, because of their carbon-fluorine bond, one of the strongest bonds known in nature. Cal Health & Safety Code § 108981(b).

12.     The California legislature has specifically declared and codified, under California Health & Safety Code § 108981(c), that "PFAS have been linked by scientific, peer-reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines".

13.     The U.S. Centers for Disease Control and Prevention (CDC) outlines several health effects associated with PFAS exposure, including cancer, liver damage, decreased fertility, increased risk of asthma and thyroid disease.[3]  Other studies have associated exposure to PFAS with increased pregnancy losses, disruption in sex hormone homeo-statis and sexual maturation.[4]

14.     Under California Health & Safety Code § 108945(C)(1), "Juvenile product" means "a product designed for use by infants and children."

---

[2] https://www.cdc.gov/niosh/topics/pfas/default.html
[3] https://www.atsdr.cdc.gov/pfas/health-effects/index.html; see also https://www.hsph.harvard.edu/news/hsph-in-the-news/pfas-health-risks-underestimated/#:~:text=A%20recent%20review%20from%20the,of%20asthma%20and%20thyroid%20disease.
[4] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2679623/

3

15.     Under the California Health & Safety Code, the presence of PFAS in a Juvenile product is measured in <u>total organic fluorine</u> and <u>the presence of one fully fluorinated carbon atom</u>. See <u>Cal. Health & Safety Code</u> § 108945(b)(2)) and § 108945(e).

16.     Leading science has also directed that identification of organic fluorine in industry and consumer products has also recently emerged as an indicator that encompasses the total content of both known and unknown types of PFAS, unlike traditional targeted analyses that can reliably quantify only a few dozen known PFAS that have commercially available analytical standards."[5]

17.     Because of the widespread use of PFAS, they can be found in water, air, fish, and soil at locations across the nation and the globe. Due to this widespread use, the federal Centers for Disease Control and Prevention's National Health and Nutrition Examination Survey (NHANES) found PFAS in the blood of 97 percent of Americans, suggesting virtually ubiquitous exposure of Californians to these highly toxic chemicals. This widespread use has also resulted in broad PFAS dispersal in indoor and outdoor environments, including the PFAS contamination of the drinking water of approximately 16 million Californians, particularly in disadvantaged communities, of breast milk, and of indoor and outdoor air. See <u>Cal Health & Safety Code</u> § 108981(e).

18.     Because PFAS chemicals are "forever chemicals" and accumulate in the human body, there is no safe manner or level of exposure to humans.

19.     On June 15, 2022, the U.S. Environmental Protections Agency ("EPA") tightened its lifetime health advisory levels for two PFAS that are globally widespread contaminants in drinking water, perfluorooctanoic acid (PFOA) and perfluorooctanesulfonic acid (PFOS). For PFOA, the recommendation is 0.004 part per trillion (ppt) and for PFOS, 0.02 ppt. [6]These levels are dramatically more stringent than the 70 ppt that the EPA recommended in 2016 for the two compounds.

---

[5] Anna S. Young, Heidi M. Pickard, Elsie M. Sunderland, and Joseph G. Allen; "Organic Fluorine as an Indicator of Per- and Polyfluoroalkyl Substances in Dust from Buildings with Healthier versus Conventional Materials" *Environmental Science & Technology*. November 4, 2022.

[6] https://www.epa.gov/newsreleases/epa-announces-new-drinking-water-health-advisories-pfas-chemicals-1-billion-bipartisan

CLASS ACTION COMPLAINT

20.     Plaintiff sought independent third-party testing to determine whether the Products contained organic fluorine. Plaintiff's independent testing was conducted in accordance with accepted industry standards for detecting the presence of organic fluorine. The testing commissioned by Plaintiff confirmed the existence of at least one fully fluorinated carbon atom and organic fluorine in the Product at 18 ppm.

21.     The existence of organic fluorine in the Product implicates health and safety concerns that a reasonable consumer would find material.

22.     Defendant's marketing or packaging omit and do not disclose the existence of organic fluorine in the Products.

23.     In addition, the presence of organic fluorine in the Products directly contradicts Defendant's representations that the Products are made without any suspected harmful chemicals.

24.     In addition, Cal Health & Safe Code § 108946 prohibits sales or distribution of new, not previously owned, juvenile products containing regulated PFAS chemicals.

25.     Defendant knew, or should have known, of the existence of PFAS or organic fluorine in the Product. Consumers lack the expertise to ascertain the existence of the true materials, chemicals and or ingredients including but not limited to organic fluoride in the Product prior to purchase. Defendant has exclusive knowledge of the materials, ingredients and chemicals in the Product.  Reasonable consumers must, and do rely on, Defendant to advise of materials, chemicals and or ingredients in the Product that may potentially affect the health and or safety of consumers.

26.     Plaintiff read, believed, and relied upon Defendant's claims and omissions and reasonably understood that the Products would not contain any suspected harmful chemicals.

27.      In reliance on Defendant's claims, Plaintiff purchased the Product she would not have purchased but for Defendant's false promotion of the Product as being made without any suspected harmful chemicals.  Had Plaintiff and the Class Member known the true nature of the Product, they would not have purchased the Product, or would not have paid as much for them.

28.     As such, Defendant has engaged in conduct which violates the California Consumers Legal Remedies Act ("CLRA"), particularly <u>California Civil Code</u> §§ 1770(a)(5) and 1770(a)(7),

CLASS ACTION COMPLAINT

Business & Professions Code § 17200, *et seq*., Business & Professions Code § 17500, *et seq*. and Civil Code § 1750, *et seq*.

29.     On October 2, 2023, Plaintiff effectuated written notice to Defendant pursuant to Civil Code § 1750, *et seq*., which set forth Plaintiff's contentions and requested remedy.  Plaintiff's letter was sent via certified mail to Defendant who acknowledged receipt.  Defendant rejected Plaintiff's attempts to address the concerns stated herein.

30.     Wherefore, Plaintiff, the Class and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the omission and non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material and the misrepresentations by Defendant that the Product is not made with any suspected harmful chemicals will continue and cause great and irreparable injury to Plaintiff, the Class members and other California consumers.

31.     Therefore, Plaintiff brings this action challenging Defendant's claims relating to the Product on behalf of herself and all others similarly situated under California's Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7), Business & Professions Code § 17200, *et seq*., Business & Professions Code § 17500, *et seq*. and Civil Code § 1750, *et seq*.

32.     Wherefore, Plaintiff seeks in equity an order compelling Defendant to discontinue the conduct alleged herein.

33.     Plaintiff further seeks an order compelling Defendant to restore the monetary amounts by which Plaintiff and the Class did not receive the value of the Product(s) they paid for and which Defendant has been unjustly enriched.

34.     Plaintiff further seeks actual and punitive damages, pre- and post-judgment interest, attorneys' fees, and costs.

## II. THE PARTIES

**A.      Defendant**

35.      Defendant Luv n' Care, Ltd. is now and at all times herein mentioned was engaged in business under the fictitious name "Nuby" ("Defendant Nuby").

36.      Defendant Luv n' Care, Ltd. is the owner and distributor of the Product and is the company that created and/or authorized the omissions and false, misleading, and deceptive advertisements and packaging for the Product alleged herein.

37.      Defendant Luv n' Care, Ltd. is a Louisiana corporation existing under the laws of the State of Louisiana.

38.      Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.   The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sue these Defendants by fictitious names.   Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles.

**B.      Plaintiff**

39.      Plaintiff Brooke Richards ("Plaintiff") is an individual residing in Los Angeles County, California.

40.      Plaintiff purchased the Nuby No Spill Super Spout Trainer Cup product within the last year of the filing of this Complaint.

## III.     JURISDICTION AND VENUE

41.      This Court has personal jurisdiction over Plaintiff because Plaintiff resides in Los Angeles County, California and submits to the Court's jurisdiction.

42.      Defendant Luv n' Care, Ltd. directly and through its agents, has substantial contacts with and receives substantial benefits and income from sales of the Products from and through the

7

State of California and Los Angeles County. Therefore, Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and Los Angeles County, California.

43.     Venue is proper in this District pursuant to <u>California Civil Code</u> § 1780(d), because Defendant is doing business in Los Angeles County and Los Angeles County is where a substantial portion of the transaction that is the subject of the above-entitled action occurred.

## V.     CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.   The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Product in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present.
>
> (Referred to herein as "the Class" or "Class Members)

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

45.     Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.

46.     Commonality and Predominance of Common Issues: Defendant has acted on grounds common and applicable to the entire Class and therefore, numerous questions of law and fact are common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members thereby making relief appropriate with respect to the Class as a whole. Common and predominate factual and legal issues include but are not limited to:

a.  The Products are labeled and packaged the same.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging.

b.  Defendant's marketing and representations about the Products and to which Plaintiff and the Class were exposed was the same and therefore common to Plaintiff and the Class.

8

CLASS ACTION COMPLAINT

c.   The omissions made by Defendant and to which Plaintiff and the Class were exposed was the same and therefore common to Plaintiff and the Class.

d.   Whether the existence of PFAS or organic fluorine in the Products implicates potential health or safety concerns to Plaintiff and the Class Members.

e.   Whether the omission or non-disclosure by Defendant of PFAS and or organic fluorine in the Products was and is material to Plaintiff and the Class Members.

f.   Whether the representations by Defendant that the Products do are not manufactured with any suspected harmful chemicals was and is material to Plaintiff and the Class Members.

g.   Whether omission or non-disclosure by Defendant of PFAS or organic fluorine in the Product violates the California Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7), Business & Professions Code § 17200, *et seq.*, Business & Professions Code § 17500, *et seq.* and Civil Code § 1750, *et seq.*

h.   Whether the representations by Defendant that the Product was not manufactured with any suspected harmful chemicals was and is material to Plaintiff and the Class Members were false, deceptive and or misleading in violation of the California Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7), Business & Professions Code § 17200, *et seq.*, Business & Professions Code § 17500, *et seq.* and Civil Code § 1750, *et seq.*

51.   Accordingly, the determination of Defendant's liability under each of the causes of action presents legals issue that is common to Plaintiff and the class as a whole.

52.   Typicality: Plaintiff's claims are co-extensive with those of the Class members as Plaintiff and the Class's injuries and claims arise from the same course of conduct by Defendant as alleged herein.

53.   The Class is identifiable and ascertainable.  Plaintiff has precisely defined the class based on objective criteria, specifically, "All persons who purchased the Product in the State of California during the time period of four (4) years preceding the date of the filing of this class

9

action through the present."  Notice can be provided to such purchasers using techniques and a form of notice customarily used in class actions, including direct notice by email to the Class Members and other California consumers from Defendant's and third-party retailers records, internet publication, radio, newspapers, and magazines.

54.     Adequacy: Plaintiff is an adequate representative of the Class because Plaintiff's interests are the same as the class in that Plaintiff and the Class were subjected to the same omissions and misrepresentations by Defendant; Plaintiff intends to prosecute this action vigorously and completely on behalf of herself and the Class; Plaintiff has retained competent counsel experienced in prosecuting class actions; and Plaintiff's interests do not conflict with the interests of the Members of the Class. Based thereon the interests of the Members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

55.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. The expense and burden of individual litigation would make it impracticable and impossible for proposed Class Members to afford to seek legal redress for the wrongs complained of herein and prosecute their claims individually.  Therefore, absent a class or representative action, the Class Members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of their wrongdoing.   Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.  Finally, trial on a representative and class basis would be manageable.  Liability may be determined by facts and law common to the Class Representative and the Class Members and monetary damages or restitution may be determined by proven and approved methods on a classwide basis.

**FIRST CAUSE OF ACTION**

**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &**

**PROFESSIONS CODE section 17200, *et seq.***

56.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

57.     This cause of action is brought pursuant to Business and Professions Code section 17200, *et seq.*, on behalf of Plaintiff and a Class consisting of all persons residing in the State of California who purchased the Product for personal use and not for resale.

58.     Defendant, in their marketing and advertising of the Products, make material omissions and false and misleading statements regarding the attributes and qualities of the Products, as set forth above.

59.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating California Civil Code section 1573, 1709, 1710, 1711, and 1770, as well as the common law.

60.     Defendant knew that the omissions and claims that they made and continue to make about the Product are material, false and misleading.

61.     As alleged in the preceding paragraphs, the omissions and misrepresentations by Defendant of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

62.     Defendant's omissions and false, deceptive, and misleading representations played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

63.     Defendant's omissions and false, deceptive, and misleading representations played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

64.     Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendant's omissions and false representations.

65.     The Products as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

66.     Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

67.     All of the conduct alleged herein occurs and continues to occur in Defendant's business.

68.     Wherefore, Plaintiff, the Class Members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material and the misrepresentations by Defendant that the Products were not manufactured with any suspected harmful chemicals will continue and cause great and irreparable injury to Plaintiff, the Class and other California consumers.

69.     Therefore, pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale the Products as follows:

   a.   An order compelling Defendant to either stop manufacturing the Products with organic fluorine; or

   b.   Advise Plaintiff and consumers of the existence and potential safety risks of organic fluorine in the Products; and

   c.   An order enjoining Defendant from continuing to promote the Products as not manufactured with any suspected harmful chemicals.

70.     In addition, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the monetary amounts by which Plaintiff and the Class did not receive the value of the Product(s) they paid for, and which Defendant was unjustly enriched.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

71.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

72.     This cause of action is brought pursuant to <u>Business and Professions Code</u> § 17500, *et seq.*, on behalf of Plaintiff and the Class consisting of all persons residing in the State of California who purchased the Products for personal use and not for resale.

73.     In its advertising of the Products, Defendant knowingly makes false and misleading statements and material omissions regarding the attributes and qualities of the Products, as set forth herein.

74.     Defendant knew that it makes material omissions about the Products and the claims that they made and continue to make about the Products are false, misleading, and inappropriate.

75.     Defendant's omissions and false, deceptive, and misleading representations played a substantial part, and was a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

76.     Plaintiff and the Class have suffered injury in fact and have lost or property as a result of Defendant's false, misleading representations.

77.     The Product as purchased by the Plaintiff and the Class is unsatisfactory and worth less than the amount paid for.

78.     As alleged in the preceding paragraphs, the omissions and misrepresentations by Defendant of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California <u>Business & Professions Code</u> § 17500.

79.     In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of <u>Business & Professions Code</u> §§ 17200 and

17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of <u>Business & Professions Code</u> § 17500.

80.    Wherefore, Plaintiff, the Class Members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material and the misrepresentations by Defendant that the Product was not manufactured with any suspected harmful chemicals will continue and cause great and irreparable injury to Plaintiff, the Class and other California consumers.

81.    Therefore, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale the Product as follows:

      a.    An order compelling Defendant to either stop manufacturing the Product with organic fluorine; or

      b.    Advise Plaintiff and consumers of the existence and potential safety risks of organic fluorine in the Product; and

      c.    An order enjoining Defendant from continuing to promote its Product as not being manufactured with any suspected harmful chemicals.

82.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the monetary amounts by which Plaintiff and the Class did not receive the value of the Products they paid for, and which Defendant was unjustly enriched.

## **THIRD CAUSE OF ACTION**

## **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.***

83.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

84.    This cause of action is brought pursuant to <u>Civil Code</u> § 1750, *et seq.*, the Consumers Legal Remedies Act, on behalf of Plaintiff and a Class consisting of all persons residing in the State of California who purchased the Product for personal.

85.     The Class consists of thousands of persons, the joinder of whom, is impracticable.

86.     There are questions of law and fact common to the class, which questions of law and fact are substantially similar and predominate over questions affecting the individual members, including but not limited to:

     a.   The Products are labeled and packaged the same.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging.

     b.   Defendant's marketing and representations about the Products and to which Plaintiff and the Class were exposed was the same and therefore common to Plaintiff and the Class.

     c.   The omissions made by Defendant and to which Plaintiff and the Class were exposed was the same and therefore common to Plaintiff and the Class.

     d.   Whether the existence of PFAS or organic fluorine in the Products implicates potential health or safety concerns to Plaintiff and the Class Members.

     e.   Whether the omission or non-disclosure by Defendant of PFAS and or organic fluorine in the Products was and is material to Plaintiff and the Class Members.

     f.   Whether the representations by Defendant that the Products do are not manufactured with any suspected harmful chemicals was and is material to Plaintiff and the Class Members.

     g.   Whether omission or non-disclosure by Defendant of PFAS or organic fluorine in the Products violates the California Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7).

     h.   Whether the representations by Defendant that the Products were not manufactured with any suspected harmful chemicals was and is material to Plaintiff and the Class Members were false, deceptive and or misleading in violation of the California Consumers Legal Remedies Act, particularly California Civil Code §§ 1770(a)(5) and 1770(a)(7).

87.     The policies, acts, and practices heretofore described were intended to result in the sale of the Product to the consuming public and violated and continue to violate § 1770(a)(5) of

the Act by representing that the Product has characteristics and benefits, which it does not have. In doing so, Defendant intentionally misrepresented material facts.

88.     Defendant's omissions and claims about the Products lead people to believe that the Product has attributes and qualities which it does not have.

89.     Defendant knew that the omissions and the claims concerning the Products' purported attributes and qualities were false and or misleading and material to the Plaintiff, the Class and other California consumers' purchase decisions.

90.     Defendant's actions as described hereinabove were done with conscious disregard of Plaintiff's, the Class and other California consumers' rights.

91.     Defendant's false, deceptive, and misleading omissions and representations played a substantial part, and was a substantial factor, in influencing Plaintiff's decision to purchase the Products.

92.     Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendant's false representations.

93.     The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

94.     On October 2, 2023, Plaintiff effectuated written notice to Defendant pursuant to Civil Code § 1750, *et seq.*, which set forth Plaintiff's contentions and requested remedy.  Plaintiff's letter was sent via certified mail to Defendant who acknowledged receipt.  Defendant rejected Plaintiff's attempts to address the concerns stated herein.

95.     Wherefore, Plaintiff, the Class members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material and the misrepresentations by Defendant that the Products are not manufactured with any suspected harmful chemicals will continue and cause great and irreparable injury to Plaintiff, the Class and other California consumers.

96.     Therefore, pursuant to § 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to:

      a.  An order compelling Defendant to either stop manufacturing Product with organic fluorine; or

      b.  Advise Plaintiff and consumers of the existence and potential safety risks of organic fluorine in the Product; and

      c.  An order enjoining Defendant from continuing to promote the Product as sustainable, safe, and free of harmful chemicals.

97.     In addition, Plaintiff seeks damages, punitive damages, restitution, attorney's fees and costs for these violations of the CLRA.

**FOURTH CAUSE OF ACTION**

**RESTITUTION BASED ON UNJUST ENRICHMENT**

96.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

97.     By its wrongful acts and omissions as alleged above, Defendant was unjustly enriched at the expense of Plaintiff and the Class.

98.     It would be inequitable and unjust for Defendant to retain any profits, benefits or other money it obtained from Defendant's wrongful conduct.

99.     Accordingly, the law implies a contract by which Defendant is obligated to make restitution to Plaintiffs and the Class.

\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\

CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

### **FIRST AND SECOND CAUSES OF ACTION**

1. An order enjoining Defendant from the practices complained herein;

2. An order certifying that the action may be maintained as a Class Action;

3. For an award of restitution in an amount according to proof at trial;

4. For an award of attorney fees pursuant to <u>California Civil Code</u> § 1021.5.

### **THIRD CAUSE OF ACTION**

1. An order enjoining Defendant from pursuing the practices complained of;

2. An order certifying that the action may be maintained as a Class Action;

3. For an award of restitution in an amount according to proof at trial;

4. For an award of punitive damages pursuant to <u>California Civil Code</u> § 1780(a)(4);

5. For an award of costs of this suit pursuant to <u>California Civil Code</u> § 1780(e);

6. For an award of attorney fees pursuant to <u>California Civil Code</u> § 1780(e) and or <u>California Civil Code</u> § 1021.5.

### **FOURTH CAUSE OF ACTION**

For an award of restitution in an amount according to proof at trial;

And such other and further relief as the Court may deem necessary or appropriate.

### **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.


DATED:  January 4, 2024                    STEVENS, L.C.



By: _____
    Paul D. Stevens
    Attorneys for Plaintiff and the Class

18

CLASS ACTION COMPLAINT

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LUV N' CARE, LTD. and DOES 1 through 10, inclusive

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/04/2024 1:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BROOKE RICHARDS, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* STANLEY MOSK / CENTRAL

111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**24STCV00273**

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul D. Stevens, Stevens, LC 1855 Industrial Street #518 Los Angeles CA 90021 (213) 270-1215

DATE: 01/04/2024
*(Fecha)*

Clerk, by
*(Secretario)* J. Covarrubias , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):* Luv N' Care. LTD.

   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form     Save this form     Clear this form

# EXHIBIT C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| Stevens LC<br>Paul Stevens SBN 207107<br>1855 Industrial St Apt 518<br>Los Angeles, CA 90021 | | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/12/2024 11:09 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Arellanes, Deputy Clerk** |
| TELEPHONE NO: | FAX NO *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: pstevens@stevenslc.com | | |
| ATTORNEY FOR *(Name)*: Plaintiff | *Ref. No. or File No.:* 10188861 (21945306) | |

| Insert name of Court, and Judicial District and Branch Court |
|---|
| Spring St.<br>312 N. Spring St.<br>Los Angeles, CA  90012 |

| PLAINTIFF:<br>Brooke Richards |
|---|
| DEFENDANT:<br>Luv N' Care, LTD., et al. |

| PROOF OF SERVICE | CASE NUMBER:<br>24STCV00273 |
|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Complaint, Declaration of Paul D. Stevens, Esq. Re: Venue Pursuant to Cal. Civ. Code 1780(d), Summons on Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment - Unlimited Civil Case, First Amended General Order re: Mandatory Electronic Filing , Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations

2. Party Served:      LUV N' CARE, LTD.

3. Person Served:      JOSEPH HAKIM, Registered Agent

4. Date & Time of Delivery:      January 11, 2024 at 2:05 pm CST

5. Address, City and State:      3030 Aurora Ave Monroe, LA, 71201

6. Manner of Service:      Personal Service - By personally delivering copies.

Fee for service: $105.00

Not a Registered California process server.
Joey Cruse

InfoTrack US, Inc. - P000618
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Joey Cruse

Date: January 12, 2024

**PROOF OF SERVICE**

Page 1 of 1
Order #21945306