**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BROOKE RICHARDS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUV N' CARE, LTD.,<br><br>Defendant. | Case No. CV 24-0956 FMO (ADSx)<br><br>**ORDER** |

Having reviewed and considered the briefing filed with respect to defendant's Motion to Dismiss First Amended Complaint (Dkt. 13, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001),and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy

favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendant's Motion and dismiss plaintiff's First Amended Complaint (Dkt. 10) with leave to amend. In preparing the Second Amended Complaint, plaintiff should carefully evaluate the contentions set forth in defendant's Motion. Plaintiff shall be mindful of the Federal Rules of Civil Procedure's pleading requirements with respect to claims sounding in fraud. See Fed. R. Civ. P. 9.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 13)** is **granted**.

2. Plaintiff's First Amended Complaint (Dkt. 10) is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, she is granted until **June 24, 2024**, to file a second amended complaint attempting to cure the alleged defects outlined in defendant's Motion. The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4. The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to

comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **July 22, 2024**.

7. In the event defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **July 8, 2024, at 10:00 a.m.**[1] meet and confer either in person or via video-conference to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 7th day of June, 2024.

/s/
Fernando M. Olguin
United States District Judge

[1] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.